UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LELAND ARTIS SPINKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-CV-1620 JAR |
| KAREN FREEMAN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of a one-page letter to the Court from plaintiff's brother, Evan McDonald, ECF No. 7-1, and a document titled, "Corrections in the case of Mr. Leland Artis Spinks," ECF No. 7. The Court will strike these filings and, for the reasons discussed below, will permit plaintiff one final opportunity to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

### Background

On December 18, 2023, self-represented plaintiff Leland Artis Spinks filed this action on the Court's 'Civil Complaint' form against defendants Karen Freeman, Gloria J. Nichols, and Renee McCaster, all of whom appeared to be employees or owners of "Metro at I-70 Apts." ECF No. 1. In the section of the form complaint to state the basis for jurisdiction, plaintiff left the federal question section blank and did not provide the citizenship of the parties. ECF No. 1 at 3-4. The statement of claim involved a lease agreement that he wished to terminate due to safety and habitability concerns on the premises. *Id.* at 6.

On January 3, 2024, the Court directed plaintiff to show cause, in writing, as to why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 6. The Court explained that the complaint did not allege federal question jurisdiction because the "Federal

Question" section was left blank and nothing in the statement of claim referred to a violation of a specific federal statute or constitutional provision. Additionally, plaintiff did not adequately allege diversity jurisdiction because the complaint did not assert that the parties resided in different states, nor did it provide sufficient facts to support the legitimacy of a claim exceeding $75,000. Plaintiff was given thirty (30) days, or until February 2, 2024, to show that this action was properly before this federal district court.

### Letter and Supplemental Filing

On January 26, 2024, plaintiff's brother, Evan McDonald, submitted a letter to the Court explaining that plaintiff had "suffered some serious damage to his mental and physical motor skills behind the stroke he suffered some y[ea]rs back" and is unable to "write any legible sentences with understandable penmanship." ECF No. 7-1. Mr. McDonald indicates that he has "taken the liberty of expressing, in writing, the messages [plaintiff] wants conveyed to the courts." *Id*. He asks the Court to correspond with him only, and to not ask the plaintiff to "re-write any information as it will not come out legibly enough to understand." *Id.*

Included with the letter is a three-page document written by Mr. McDonald titled, "Corrections in the case of Mr. Leland Artis Spinks." ECF No. 7. The document indicates that plaintiff intended to include "Metro at 70 Apartments" as a defendant, along with Karen Freeman, Gloria Nichols, and Renee McCarter. *Id.* at 1. He claims the defendants are liable for "taking advantage of the disabled for the sole purpose of monetary gain for 2 y[ea]rs." *Id.* Mr. McDonald explains that plaintiff expressed a desire to end his lease because he was "displeased with [the] living conditions" and the lease allowed for termination based on such grounds; however, the defendants would not release him and threated that he would lose his Section 8 benefits if he vacated the premises. Mr. McDonald indicates that plaintiff "filed a prior lawsuit with the municipal div. courts" and "they agreed with [his] legal aid atty. to rescind [his] lease," but then

failed to do so. *Id.* at 2. Despite these additional factual allegations, the filing is silent as to jurisdictional matters.

**Discussion**

The document titled, "Corrections in the case of Mr. Leland Artis Spinks," ECF No. 7, and the corresponding letter, ECF No. 7-1, will be stricken from the record as it is not signed by the plaintiff. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Similarly, the local rules of this Court also require that all filings be signed by a self-represented party. E.D. Mo. L.R. 2.01(A)(1).

Moreover, there is no indication that plaintiff's brother, Evan McDonald, is a licensed attorney, and a non-attorney may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). Not even a non-attorney parent can litigate pro se on behalf of their minor child, even if the minor cannot then bring the claim themselves. *See Crozier for A.C. v. Westside Community School District*, 973 F.3d 882, 887 (8th Cir. 2020). Civil actions by minors and incompetent persons may be commenced and prosecuted only by a duly appointed guardian or, if there is no such guardian, by a next friend appointed by the Court in the civil action. *See* Fed. R. Civ. P. 17(c)(2).

Lastly, even if the Court did not strike the supplemental document for the above reasons, it is not compliant with the Court's January 3, 2024 Order because it does not Show Cause as to why this action should not be dismissed for lack of subject matter jurisdiction. "Federal courts are


not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The supplemental document, like the complaint, does not indicate what federal statute, federal treaty, or constitutional provision is at issue in this case. It also does not provide information supporting that the parties are diverse in citizenship, nor does it support the legitimacy of a claim exceeding $75,000 to establish diversity jurisdiction.

Plaintiff Leland Artis Spinks will have seven (7) days to file a Response to this Court's January 3, 2024, Show Cause Order. *See* ECF No. 6. Failure to comply will result in the dismissal of this action without further notice. Even though Plaintiff is a self-represented litigant, he must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order.

Accordingly,

**IT IS HEREBY ORDERED** that the document titled, "Corrections in the case of Mr. Leland Artis Spinks," ECF No. 7, and corresponding letter, ECF No. 7-1, is **STRICKEN** from the record as it is not signed by plaintiff.

**IT IS FURTHER ORDERED** that plaintiff is required to show cause in writing and **within seven (7) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction. The response must be signed by the plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff a copy of the Court's January 3, 2024 Show Cause Order, docketed as ECF No. 6.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 5th day of February, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE