UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LELAND ARTIS SPINKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-CV-1620 JAR |
| KAREN FREEMAN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of a two-page document titled, "In the Case of Mr. Leland Artis Spinks." ECF No. 9. The Court will construe this filing as a response to the Order to Show Cause as to why this action should not be dismissed for lack of subject matter jurisdiction. For the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On December 18, 2023, self-represented plaintiff Leland Artis Spinks filed this action on the Court's 'Civil Complaint' form against defendants Karen Freeman, Gloria J. Nichols, and Renee McCaster, all of whom appeared to be employees or owners of "Metro at I-70 Apts." ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. In the section of the form complaint to state the basis for jurisdiction, plaintiff left the federal question section blank and did not provide the citizenship of the parties. ECF No. 1 at 3-4. The statement of claim

involved a lease agreement that he wished to terminate due to safety and habitability concerns on the premises. *Id.* at 6.

On January 3, 2024, the Court directed plaintiff to show cause, in writing, as to why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 6. The Court explained the complaint did not allege federal question jurisdiction because the "Federal Question" section was left blank and nothing in the statement of claim referred to a violation of a specific federal statute or constitutional provision. Additionally, plaintiff did not adequately allege diversity jurisdiction because the complaint did not assert that the parties resided in different states, nor did it provide sufficient facts to support the legitimacy of a claim exceeding $75,000.

On January 26, 2024, plaintiff's brother, Evan McDonald, submitted a letter to the Court stating that plaintiff was unable to write legible sentences due to a stroke he suffered a few years prior. ECF No. 7. Mr. McDonald asked the Court to correspond with him only. Mr. McDonald also submitted a document titled, "Corrections in the case of Mr. Leland Artis Spinks." The document indicated that plaintiff intended to include "Metro at 70 Apartments" as a defendant, along with Karen Freeman, Gloria Nichols, and Renee McCarter. Mr. McDonald alleged the defendants were liable for taking advantage of plaintiff, a disabled individual, for two years. Mr. McDonald further explained that plaintiff wanted to end his lease because he was displeased with the living conditions at the apartment complex and the lease allowed for termination based on such grounds; however, the defendants would not release him and threated loss of his Section 8 benefits if he vacated the premises. Mr. McDonald indicated that plaintiff filed a lawsuit in state court, but the defendants failed to rescind his lease as directed.

On February 5, 2024, the Court reviewed the filings from Mr. McDonald and struck them from the record because they were not signed by plaintiff as required by Rule 11(a) of the Federal Rules of Civil Procedure, and because Mr. McDonald was not permitted to litigate on behalf of his

brother. ECF No. 8. The Court further explained that the filing was not compliant with the Court's January 3, 2024 Order because it did not show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. The Court once again explained the necessity of establishing either federal question or diversity jurisdiction in order for this matter to proceed. In consideration of plaintiff's self-represented status, he was provided with additional time to show cause.

### Second Response to the Show Cause Order

On February 15, 2024, plaintiff submitted a signed two-page document titled, "In the Case of Mr. Leland Artis Spinks." ECF No. 9. As to diversity jurisdiction, plaintiff indicates that "to [his] knowledge, all parties named reside in St. Louis, Missouri," and he was told the apartment complex does not have a corporate office. *Id.* at 1. Plaintiff then states he would like to bring this action pursuant to federal question jurisdiction in order to see "w[he]ther any of [his] civil liberties have been violated by this establishment." *Id.* at 2. Plaintiff believes he has been treated "with utter biased treatment because of [his] disabilities," "deceptively lied [to] with threats of losing [his] Section 8 benefits," and was not permitted to break his lease even though he was "not experiencing willful enjoyment of [the] property." *Id.* at 1. Plaintiff asserts that defendants should be liable for the decline in his health and for damages related to his mental anguish.

### Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). Because plaintiff is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and

for the reasons discussed below, the Court determined plaintiff has not carried his burden of establishing subject matter jurisdiction. For these reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

### A. Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Here, plaintiff's Show Cause response indicates that "to [his] knowledge, all parties named reside in St. Louis, Missouri" and no out-of-state corporate office appears to exist. For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as defendants. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Plaintiff has not carried his burden of showing the existence of diversity jurisdiction as he has not alleged complete diversity of citizenship or provided sufficient facts to support the legitimacy of a claim exceeding $75,000.

### B. Federal Question Jurisdiction Under 28 U.S.C. § 1331

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d

748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In this case, plaintiff has not presented a federal question as he does not point to any specific federal statutes, federal treaties, or constitutional provisions at issue. He does not allege that he is suing a federal agency or employee. The defendants are not state actors, meaning that this cannot be construed as an action under 42 U.S.C. § 1983. Instead, plaintiff appears to be complaining that a privately-owned apartment complex and its employees breached his lease agreement by providing subpar living conditions and exposing him to safety issues. Such a complaint does not give rise to a federal claim. Plaintiff states in his response to the Court's Order to Show Cause that he would like to bring this action pursuant to federal question jurisdiction in order to see "w[he]ther any of [his] civil liberties have been violated by this establishment." ECF No. 9 at 2. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). While plaintiff also

complains that the defendants incorrectly told him he would lose his Section 8 benefits if he were to move and generally treated him with disrespect because of his disabilities, he simply has not established "that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Therefore, plaintiff has not carried his burden of showing the existence of federal question jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 20th day of February, 2024.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE